NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0704n.06

No. 20-1240

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TONY SILVA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

FILED

Dec 17, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

Before: KETHLEDGE, THAPAR, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Tony Silva appeals his 108-month sentence imposed after he pled guilty to a drug-conspiracy charge. We affirm.

I.

The facts of this case are undisputed. Between March 2018 and June 2019, Silva and his brother trafficked at least 30 kilograms of cocaine in the Grand Rapids, Michigan area. On June 3, 2019, DEA agents executed a search warrant at his home, where they found a scale, various kinds of ammunition, and a magazine for a Ruger pistol loaded with four rounds of 9mm ammunition. That same day, Michigan State Police conducted a traffic stop on a Chevy Silverado driven by Silva. In the center console, police found a loaded 9mm Ruger pistol registered to Silva; on his person, they found a baggie containing 3.2 grams of cocaine.

In September 2019, a grand jury indicted Silva, his brother, and seven co-defendants for conspiracy to distribute cocaine. Silva pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Silva later met with the government

for a so-called "safety-valve" interview, during which he admitted to selling cocaine with his brother but otherwise claimed not to remember the answers to many of the government's questions. For that reason, the government terminated the interview.

Silva's Presentence Investigation Report recommended a three-point offense-level reduction for Silva's acceptance of responsibility, but did not recommend a reduction based on the safety-valve interview. The PSR also recommended a two-point enhancement for possessing a loaded handgun in connection with a drug-trafficking offense. Silva objected to that enhancement, conceding that he possessed a firearm during the traffic stop, but contending that he did not possess the weapon during conduct relevant to the conspiracy charge. Silva also argued that he was eligible for a two-level reduction because of his interview with the government. At sentencing, the district court rejected both arguments, calculated Silva's guidelines range as 108 to 135 months, and imposed a sentence of 108 months' imprisonment. This appeal followed.

II.

Silva argues that the district court should not have applied the firearm enhancement under § 2D1.1(b)(1). For that enhancement to apply, the government must prove by a preponderance of the evidence that the defendant possessed the firearm (either actually or constructively) during "relevant conduct," as defined in U.S.S.G. § 1B1.3. *See United States v. McCloud*, 935 F.3d 527, 531 (6th Cir. 2019). If the government meets that burden, the court applies a rebuttable presumption in favor of the enhancement. *See United States v. Rios*, 830 F.3d 403, 437 (6th Cir. 2016) (citations omitted). The defendant can overcome this presumption only if he demonstrates—through "evidence, not mere argument"—that it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A); *McCloud*, 935 F.3d at 531 (citation omitted). We review for clear error the district court's determination whether a

defendant has carried that burden. *See United States v. Davidson*, 409 F.3d 304, 312 (6th Cir. 2005).

As an initial matter, Silva argues that the government did not meet its burden to show that his June 3 firearm possession was "relevant conduct" connected to his conspiracy offense. But Silva conceded that point in the district court, so he has waived it here. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006).

That means Silva bore the burden to show that it was "clearly improbable" that the Ruger was connected to his drug conspiracy. But Silva has not shown that: he possessed the gun while also possessing what was sometimes for him a distribution quantity of cocaine; and he had ammunition for the gun in a house where he had also stored four kilograms of cocaine and met with his suppliers. That evidence supported a finding that the gun was connected to the conspiracy; and Silva has offered no evidence to the contrary. The district court did not err.

Silva also argues that the district court should have granted him a two-level safety-valve reduction under U.S.S.G. §§ 5C1.2, 2D1.1(b)(18). We review the district court's refusal to do so for clear error. *See United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019).

Here, the district court refused to grant the reduction because, the court found, Silva had not been "totally candid" with the government during his interview. Specifically, the court recited, among other things, that Silva had claimed not to remember the name of his supplier, for whom Silva was the supplier's point of contact; and that Silva had claimed he had not handled any cocaine, whereas federal agents had seen Silva meet with the supplier's courier for deliveries at Silva's home. Again the district court did not err.

The district court's judgment is affirmed.